IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:13-CT-03274-BO

|  |  |  |
|---|---|---|
| FARLEY L. BERNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH LIGHTSEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Joseph Lightsey's first and second motions for protective order [DE-54, -77], *pro se* Plaintiff Farley L. Bernard's motion to compel [DE-87], Defendants Lawson, Henderson, Watson, Manning, Frasier, Munns, Dixon, Ryan, Lett, Jones, Hestor, Agarwal, and Stovers' (collectively, the "DOC Defendants") motion for protective order [DE-93], and Plaintiff's motion for extension of time to respond to the DOC Defendants' motion for summary judgment [DE-98]. The time to respond has expired and the matters are ripe for decision. For the reasons that follow, Defendant Lightsey's motions for protective order [DE-54, -77] will be allowed, Plaintiff's motion to compel [DE-87] will be allowed in part, the DOC Defendants' motion for protective order [DE-93] will be allowed, and the Plaintiff's motion for extension of time to respond to the summary judgment motion [DE-98] will be allowed.

**BACKGROUND**

Plaintiff, an inmate in the custody of the State of North Carolina, initiated this action on November 4, 2013, asserting claims related to alleged denial of medical care, falsely responding to grievances related thereto, retaliation and deliberate indifference to prescribed diets, conditions of confinement (poor lighting and recreation), and excessive force. [DE-1]. The court allowed the case to proceed. [DE-12]. Defendant Lightsey has filed motions to dismiss [DE-42, -50, -51] and the DOC Defendants have filed a motion for summary judgment [DE-83], which are presently pending

before the court. Plaintiff has also served several discovery requests on Defendants, which resulted in the filing of the motions now before the court.

## DISCUSSION

### A.    Defendant Lightsey's First and Second Motions for Protective Order [DE-54, -77]

Defendant Lightsey seeks a protective order from Plaintiff's discovery requests pending the court's resolution of Lightsey's pending motions to dismiss, which assert the defense of qualified immunity. [DE-54, -77]. Plaintiff filed a response asking the court to order Defendant Lightsey to provide the court with a copy of Plaintiff's medical records. [DE-70]. Subsequently, Plaintiff agreed to allow Defendant Lightsey to respond to the discovery requests within 30 days after the court's ruling on the pending motions to dismiss. [DE-91-1, -91-2].

> On its own initiative or in response to a motion for protective order under Rule 26(c),
>
> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

The court finds good cause to allow the motions for protective order. This court has routinely recognized that "defendants are entitled to resolution of their defense of qualified immunity before being subject to the burdens of litigation, including discovery." *Green v. Beck*, No. 5:10-CT-3003-D, 2011 WL 666258, at *2 (E.D.N.C. Feb. 14, 2011) (citing *Anderson v. Creighton*,

2

483 U.S. 635, 640 n.2 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982); *Lescs v. Martinsburg Police Dep't*, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished)). While there are circumstances where discovery may be appropriate on the issue of qualified immunity, Plaintiff has failed to demonstrate that discovery is necessary to adequately respond to the qualified immunity and has, in fact, responded to the motions to dismiss. [DE-71, -72]. Furthermore, Plaintiff appears to now consent to the motions. [DE-91-1, -91-2]. Accordingly, Defendant Lightsey need not respond to any discovery at this time, and Plaintiff shall serve no further discovery pending the court's ruling on the qualified immunity defense asserted in the motions to dismiss. In the event Defendant Lightsey's motions to dismiss are denied, he shall have 30 days from the date of the court's order denying the motions to respond to Plaintiff's discovery requests.

## B.    Plaintiff's Motion to Compel [DE-87] and Motion for Extension of Time to Respond Defendants' Motion for Summary Judgment [DE-98]

Plaintiff seeks an order compelling responses from the DOC Defendants to requests for production of documents dated April 14, 2014, as well as production of additional documents not previously requested. [DE-87, 87-1]. Plaintiff contends that he requires this information in order to respond to the DOC Defendants' motion for summary judgment filed on October 10, 2014. [DE-87] at 2-3. The DOC Defendants responded that they have no record of receiving the April 14, 2014 discovery requests and that Plaintiff failed to contact them or move the court for an order to compel for six months after allegedly serving the document requests. [DE-92] at 2.

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including requests for production of documents and requests for

3

admission. *See generally* Fed. R. Civ. P. 26-37. Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992).

Plaintiff filed an affidavit indicating he mailed his requests for production of documents on April 14, 2014 to the DOC Defendants' then counsel, and sent follow-up correspondence to current counsel for the DOC Defendants' on August 5, 2014. [DE-101, -102]. While the court has no

4

reason to doubt that the Attorney General's Office has no record of this correspondence, that does not mean it was not sent and the court will give the *pro se* Plaintiff, who must rely on the prison mail system, the benefit of the doubt in this regard.

Turning to the substance of the document requests, many of Plaintiff's requests are beyond the scope of discovery in this action. *See, e.g.*, Pl.'s Requests for Production of Documents [DE-87-1] ¶¶ 1-7 (pertaining to grievances filed by inmates generally and DOC policies). The court also recognizes that the DOC Defendants previously provided several responsive documents, related to Plaintiff's therapeutic diet, in response to Plaintiff's Interrogatories and Document Requests dated August 12, 2014. [DE-83-3]. Moreover, the DOC Defendants filed numerous responsive documents including some medical records in support of their summary judgment motion, which was served on Plaintiff. [DE-83-3, -83-10 to -83-18]. While the court agrees with the DOC Defendants that Plaintiff has improperly expanded the scope of his document requests in the motion to compel, the DOC Defendants do not assert that Plaintiff has been provided with all documents responsive to his initial requests that fall within the permissible scope of discovery. [DE-92] at 1-3. The burden of showing why a motion to compel should not be granted is on the party resisting discovery. *Mainstreet Collection, Inc.*, 270 F.R.D. at 241. Accordingly, the motion to compel [DE-87]will be allowed in part, and the DOC Defendants shall produce by no later than **January 16, 2015**, only responsive medical records and incident reports directly relevant to Plaintiff's claims concerning violations alleged to have occurred between January 2011 and October 2013, that have not already been produced in discovery or in support of the summary judgment motion. To the extent the DOC Defendants have already produced these documents, counsel shall so certify and provide notice to Plaintiff. Furthermore, Plaintiff's motion for extension of time to respond to the DOC Defendants'

5

motion for summary judgment [DE-98] shall be allowed, and Plaintiff shall respond to the motion by no later than **January 30, 2015**.

## C.     Motion for Protective Order

The DOC Defendants seek a protective order from Plaintiff's discovery served on October 8, 15, and 20, 2014, and contend the discovery requests are untimely and unduly burdensome. [DE-93, -93-1]. Plaintiff's response in opposition to the motion appears to relate for the most part to the document requests that are the subject of his motion to compel addressed above. [DE-99-1] at 6-8. In any event, the court agrees with the DOC Defendants that the additional discovery requests are untimely where the first set was served approximately one week prior to the deadline to file dispositive motions and the second and third sets were filed after the deadline to file dispositive motions. Plaintiff first served discovery in this case in April 2014, six-months prior to the discovery requests from which the DOC Defendants seek protection, and Plaintiff has provided no reason for the delay in serving additional discovery. Accordingly, the DOC Defendants' motion for a protective order is allowed.

## CONCLUSION

Defendant Lightsey's motions for protective order [DE-54, -77] are ALLOWED, Plaintiff's motion to compel [DE-87] is ALLOWED IN PART, the DOC Defendants' motion for protective order [DE-93] is ALLOWED, and Plaintiff's motion for extension of time to respond to the summary judgment motion [DE-98] is ALLOWED.

SO ORDERED, the **23** day of December 2014.

Robert B. Jones, Jr.

United States Magistrate Judge

6